IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
5:30 ┌ M
June 28 20 05
m. Danzer
Deputy Clerk

FRED M. CONEKIN,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     CIVIL ACTION NO.: CV504-010
                                    )
JO ANNE B. BARNHART,                )
Commissioner of Social Security,    )
                                    )
            Defendant.              )

## O R D E R

Plaintiff contests the decision of Administrative Law Judge G. William Davenport ("the ALJ" or "ALJ Davenport") denying his claim for Supplemental Security Income payments. On February 24, 2005, Magistrate Judge Graham issued a Report recommending that the decision of the Commissioner be affirmed. After being granted an extension of time, Plaintiff was directed to file his Objections by March 24, 2005. Objections were not filed by that date. On March 28, 2005, the Court entered an Order adopting the Magistrate Judge's Report. The case was closed. Plaintiff filed Objections on March 25, 2005.[1] Although Plaintiff's Objections were not timely filed, the Court will consider these Objections. The Order dated March 28, 2005 is hereby **VACATED**. The Clerk's office is directed to reopen this case.

Plaintiff contests the Magistrate Judge's determination that (1) the ALJ properly weighed the treating physician's opinion, and (2) the ALJ did not err in determining that

---

[1]The Objections were docketed on March 28, 2005. Honoring the postmark, the Objections were filed on March 25, 2005.

Plaintiff was not credible. Following an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation.

## DISCUSSION AND CITATION OF AUTHORITY

### I. The ALJ Properly Weighed The Treating Physician's Opinion.

It is well-established that the opinion of a treating physician "'must be given substantial or considerable weight unless good cause is shown to the contrary.'" Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent with the treating physician's opinion; or (3) the treating physician's opinion is conclusory or inconsistent with her own medical records. Id. at 1241.

The ALJ found that the opinion of Ana P. Castro, M.D., Plaintiff's treating physician, was not credible and should be disregarded. The Magistrate Judge determined that this finding was supported by substantial evidence. Specifically, the Magistrate Judge observed that Dr. Castro's medical opinion was not supported by the record; inconsistent with other medical evidence in the record; and inconsistent with the objective findings in her medical records. In his Objections, Plaintiff contends that the Magistrate Judge erred in finding that Dr. Castro's medical opinion was not supported by the record.

Dr. Castro opined that Plaintiff's medical conditions were so severe that they "interfere with his daily living activities." (Tr. at 374.) Additionally, she asserted that he "is unable to work and is disabled due to all his medical conditions."[2] (Tr. at 379.) Finally, Dr.

---

[2]Determinations as to whether a claimant is "disabled" or "unable to work" are issues left to the Commissioner. See 20 C.F.R. § 416.927(e)(1).

AO 72A
(Rev. 8/82)

Castro concluded that Plaintiff's prognosis is "fair" and his "recovery expectancy is poor." (Tr. at 374.)

Plaintiff contends that Dr. Castro's medical opinion was supported by objective medical findings in the record. Plaintiff further contends that the Magistrate Judge erred by focusing his analysis on individual tests. Dr. Castro's opinion, Plaintiff asserts, was based upon several factors: her knowledge of Plaintiff's medical history, her treatment of him for several years, and her knowledge of the results obtained from tests performed by other physicians.

Initially, Plaintiff asserts that the Magistrate Judge erred by relying solely on the results from the oximetry screening to support his conclusion that Dr. Castro's medical opinion was not supported by objective medical findings. ALJ Davenport found that Dr. Castro's opinion was not supported by objective medical findings in the record, and the Magistrate Judge determined that the ALJ's finding was supported by substantial evidence. For instance, the Magistrate Judge concluded that the oximetry screening results performed on Plaintiff at Baptist Medical Center were not indicative of his general physical condition. Specifically, the Magistrate Judge noted that the oximetry screening was performed after Plaintiff was admitted to the hospital on April 13, 1999, in a critical, unresponsive state which was alcohol-induced. In his Objections, Plaintiff avers that the Magistrate Judge's analysis is flawed because the oximetry screening results are unrelated to his use of alcohol.[3] The Court finds that the circumstances under which Plaintiff was

---

[3]The Court finds it noteworthy that the record contains a medical note from an examining physician which states that "[b]ecause alcohol is a depressant, it can actually increase problems relative to [Plaintiff's] obstructive sleep apnea." (Tr. at 149.)

AO 72A
(Rev. 8/82)

hospitalized preclude the Court from finding that the oximetry screening results are indicative of Plaintiff's physical condition over an extended period of time.[4]

Next, Plaintiff asserts that six spirometry tests performed on February 3, 2000, support Dr. Castro's medical opinion. The results from these tests are in the form of undated, raw medical data that has not been interpreted or evaluated.[5] Additionally, Dr. Castro's medical records do not reflect that she was aware of these spirometry tests, that she interpreted the raw data provided in these tests, or that she otherwise used these tests in her diagnosis of Plaintiff. Thus, the spirometry tests do not support Dr. Castro's opinion that Plaintiff's sleep apnea is so severe that it has a substantial impact on his ability to perform daily activities.

Plaintiff additionally asserts that records from his hospitalization at Charlton Memorial Hospital on March 7, 2001 and March 8, 2001 support Dr. Castro's medical opinion. The records from that hospitalization show that Dr. Castro admitted Plaintiff to the hospital on March 7, 2001, complaining of severe chest pain. (Tr. at 176.) Upon release from Charlton Memorial Hospital, Plaintiff was found to be stable, and he was referred for additional cardiac evaluation. (Tr. at 183.) These records do not support Dr. Castro's opinion that Plaintiff's cardiac condition is so severe that he is unable to work.

Plaintiff notes that following his discharge from Charlton Memorial Hospital on March 8, 2001, he received additional evaluation at Satilla Regional Medical Center. The records provided to the ALJ from Satilla Regional Medical Center are those of an "*83*-year-old

---

[4]Plaintiff has the burden of showing that his disability lasted for a period of at least twelve (12) months. 20 C.F.R. § 416.906.

[5]In his Objections, Plaintiff concedes that these tests do not include an interpretation of the results. (Objections, p. 2.)

4

male." (Tr. at 210.) These medical records do not refer to Plaintiff, a *fifty-four* year[6] old male, and as such, the ALJ excluded these records.[7] (Tr. at 404.) Because the records from Satilla Regional Medical Center are not part of the record, they do not support Dr. Castro's medical opinion.

The above stated objective medical findings, viewed separately or collectively, do not support Dr. Castro's opinion that Plaintiff's medical impairments are so severe that they are debilitating and preclude him from working. Thus, the Court concludes that the objective medical findings do not support Dr. Castro's medical opinion.

Plaintiff also contends that the ALJ 's reliance on the opinions of the State agency medical consultants was a misapplication of Social Security Ruling 96-6p ("SSR 96-6p"). SSR 96-6p, in pertinent part, provides:

> [T]he opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist.

SSR 96-6p (emphasis added). Plaintiff contends that the ALJ should not have relied upon the State agency medical consultants because their evaluations were inadequate. Plaintiff avers that the State agency medical consultants did not have the entire record before them; thus, they did not make fully-informed decisions. Plaintiff asserts that the "evidence

---

[6]On the date the ALJ issued his Report, Plaintiff was fifty-four years old. (Tr. at 19.)

[7]The ALJ excluded Exhibit 6F which consists of the records from Plaintiff's hospitalization at Satilla Regional Medical Center in Waycross, Georgia. (Tr. at 404.)

AO 72A
(Rev. 8/82)

of record" was not complete until after his hearing before the ALJ. Specifically, Plaintiff contends that he had physical assessment evaluations on June 29, 2001 and October 30, 2001[8]. Plaintiff concludes that because none of the State agency medical consultants reviewed the entire record, the ALJ's reliance on their opinions was misplaced.

In his Report, the ALJ noted that, in compliance with SSR 96-6p, he had considered the findings of the State agency medical consultants and concluded that their opinions were "fully justified and consistent with other substantial objective medical evidence." (Tr. at 23.) The ALJ further concluded that the opinions of the State agency medical consultants were also validated by Plaintiff's reported activities of daily living. (Id.)

Plaintiff has failed to suggest how information in the additional reports is inconsistent with the other evidence of record or how the State agency medical consultants' failure to evaluate these additional reports impacted the ALJ's decision. A review of the two additional reports reveals that they do not contain information that supports Dr. Castro's opinion. First, Lina Caldwell, M.D., performed an evaluation of Plaintiff's medical records on June 29, 2001. Dr. Caldwell's evaluation does not reflect that she found Plaintiff to be physically limited in any respect. Additionally, a note in her report provides that Plaintiff is only "partially credible." (Tr. at 266.) Next, John P. Heard, M.D., evaluated Plaintiff's medical records on October 30, 2001. His report reflects his finding that "alcohol abuse" is the "cause for some of [Plaintiff's] problems" (Tr. at 271) and that Plaintiff "is not credible [with] his complaints" (Tr. at 274). These two additional reports do not support Dr. Castro's

---

[8]In his Objections, Plaintiff refers to a physical assessment performed on *November* 30, 2001. (Objections, p. 4.) The record does not contain a physical assessment performed on that date. The record does, however, contain a physical assessment dated *October* 30, 2001. (Tr. at 269-276.) The Court will presume that Plaintiff intended to refer to the assessment dated October 30, 2001.

AO 72A
(Rev. 8/82)

opinion that Plaintiff has severe medical impairments which interfere with his daily activities and preclude him from working.

Substantial evidence supports the ALJ's finding that there was "good cause" not to give Dr. Castro's opinion substantial weight. The Court finds that the ALJ applied the appropriate legal standard.

### II. The ALJ Did Not Err In Discrediting Plaintiff's Testimony.

The ALJ has the authority to make determinations of credibility. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (citing MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986)). However, grounds for remand exist when there are no explicit credibility findings, and the credibility determination impacted the outcome of the case. Foote, 67 F.3d at 1562.

Following a thorough review of the record, the Court finds that the ALJ did not err in finding that Plaintiff was not credible. There are several instances in the record where Plaintiff made inconsistent written and oral statements. The Court will address a few of the more prominent examples not addressed by the Magistrate Judge.

Plaintiff's statements regarding the date he last worked, his disability onset date, and his last job are inconsistent. In an undated questionnaire completed by Plaintiff for the Social Security Administration, Plaintiff responded that he had been working in construction. (Tr. at 125.) On November 9, 1999, Plaintiff reported to Sue Anne Brewer, Ph.D., that he had not worked since 1994. (Tr. at 143.) On November 22, 1999, Plaintiff informed Marvin P. Jones, M.D., that he left his last job as an electrician on May 17, 1996.

7

(Tr. at 147-149.) In her medical records, Dr. Castro noted that Plaintiff was working in construction on August 23, 2000. (Tr. at 170.) A hospital admission report from Charlton Memorial Hospital provides that on March 7, 2001, Plaintiff was working in construction. (Tr. at 176.) On March 19, 2001, Plaintiff filled out a "Disability Report" in which he stated that although he stopped working in March 1994, he was not disabled until September 1999. (Tr. at 82.) On June 5, 2001, David W. Acker, Ph.D., reported that Plaintiff last worked in 1994 as an electrician. (Tr. at 238.) Plaintiff's brief to the Court dated July 6, 2004, provides that his disability onset date was March 15, 1994. (Dkt. No. 14.) Finally, at his hearing before ALJ Davenport, Plaintiff testified that he last worked in 1994 as an electrician and that he did not work in construction after leaving that job. (Tr. at 413.)

As noted above, on April 13, 1999, Plaintiff was admitted to Baptist Medical Center in a critical, unresponsive state which was alcohol-induced. At Plaintiff's hearing, ALJ Davenport questioned Plaintiff about what had precipitated his admission to the hospital on that date. Plaintiff testified as follows:

> [A] friend of mine just got his cow back that he had butchered . . . And he was cooking a big old steak . . . And it was about 11:00 at night and we were just sitting around the fire waiting on it to finish cooking. And the next thing I know, I was in the hospital. I didn't know how I got there. I wanted a piece of steak. I didn't want to be there.

(Tr. at 433.) Plaintiff misrepresented the cause of his April 13, 1999, hospitalization.

The ALJ's finding that Plaintiff was not credible is supported by the record. As outlined above, there are numerous inconsistencies between Plaintiff's written statements to the Social Security Administration, the testimony given by him during his hearing before ALJ Davenport, and the information provided by him to the medical experts that evaluated

him.  The Court finds that the ALJ's decision that Plaintiff is not credible is supported by substantial evidence.

For the foregoing reasons, in addition to those reasons stated in the Magistrate Judge's February 24, 2005 Report, the decision of the Commissioner is **AFFIRMED**.  The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this _28th_ day of ___June___, 2005.


_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Patricia A. Clare
Kenneth C. Etheridge
Huey W. Spearman

CASE NO:      CV504-010

DATE SERVED:  June 29, 2005

SERVED BY:    Karlis Stephens

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate